FILED
SUPERIOR COURT
OF GUAM

2020 APR -6 PM 4:02

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

                  Plaintiff,

    v.

PATRICK HERNANDEZ,
DOB: 12/27/1994

                  Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Criminal Case No. CF0512-19**
GPD Report No. 19-26940

**DECISION AND ORDER**

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on January 22, 2020 for hearing on Defendant Patrick Hernandez's ("Defendant") Motion to Suppress. Defendant appeared with Assistant Alternate Public Defender Lisa D. Lorig. The People are represented by Assistant Attorney General Sean E. Brown. After considering the arguments, the testimony of the parties, and the applicable law, the Court now issues this Decision and Order and **DENIES** Defendant's Motion to Suppress.

### BACKGROUND

On September 26, 2019, a grand jury returned an Indictment against the Defendant charging him with three counts of Giving of a Bribe (as a Third Degree Felony) and Driving While Impaired (as a Misdemeanor). Indictment at 1-2. Defendant filed his Motion to Suppress on December 6, 2019, seeking to suppress all evidence in this case on the grounds that Officer

Terlaje did not have reasonable suspicion to initiate a *Terry* stop of Defendant's vehicle. Mot. at 5-6. The People filed their opposition on December 20, 2019, arguing Officer Terlaje witnessed Defendant fail to adhere to a stop sign, giving the officer reasonable suspicion to initiate the *Terry* stop. People's Opposition to Motion to Suppress ("Opposition") at 2. The Court held a hearing on the matter, at which point the Court took the matter under advisement. Min. Entry (Jan. 22, 2020).

## DISCUSSION

The Fourth Amendment to the United States Constitution "permits brief investigative detentions when a police officer has reasonable suspicion that an individual was engaged in or is about to be engaged in illegal conduct." *People v. Johnson*, 1997 Guam 9 ¶ 4 (citing *Terry v. Ohio*, 392 U.S. 1 (1968)). "The *Terry* stop doctrine has been extended to justify the investigatory stop of a motor vehicle." *Johnson*, 1997 Guam 9 ¶ 4 (citing *United States v. Sharpe*, 470 U.S. 675, 682 (1985)). "As a general matter, the decision to stop an automobile without a warrant is reasonable where the police have probable cause to believe that a traffic violation has occurred. Further, it is reasonable to stop a car where the police merely have a reasonable suspicion to believe the driver has committed a traffic violation." *People v. Chargulaf*, 2001 Guam 1 ¶ 17 (citations omitted).

"In order to determine whether an officer had reasonable suspicion sufficient to warrant a traffic stop, the court must look at the totality of the circumstances, taking into account the facts known to the officers from personal observation." *Johnson*, 1997 Guam 9 ¶ 6 (citation and quotation marks omitted). Furthermore, reasonable suspicion must exist at the time the stop was initiated. *Id.* The "lawfulness of a *Terry* stop turns not on the officer's actual state of mind at the time the challenged action was taken, but rather on an objective assessment of the officer's

actions. In other words, if sufficient objective evidence exists to demonstrate reasonable suspicion, a *Terry* stop is justified regardless of a police officer's subjective intent." *United States v. Branch*, 537 F.3d 328, 337 (4th Cir. 2008) (internal quotation marks and citations omitted).

Under Guam law, it is unlawful "for the operator of any vehicle . . . before entering a stop section, to fail to come through to a full stop, within a reasonable distance, before entering the intersection, when an official 'Stop' sign or signs have been erected in accordance with the provisions in this title." 16 G.C.A. § 3334(b).

## A.     Officer Terlaje had reasonable suspicion to initiate an investigative stop.

Defendant argues "It would be nearly impossible for officers to observe whether a vehicle stopped at the sign from the C parking lot area or the road ahead of the stop sign." Mot. at 5. However, the testimony from the officers and Defendant's exhibits indicate otherwise.

Officer Terlaje testified he was conducting traffic enforcement along Chalan Paseheru on the evening of September 16, 2019, going into September 17, 2019. Ct. Recording ("CR") at 2:09:19 (Jan. 22, 2020). Around 12:30am, Officer Terlaje observed a vehicle fail to come to a full stop at the south bound road intersecting with Chalan Paseheru. *Id.* at 2:13:19. Officers Masga and Chaco observed the same. *Id.* at 3:28:15 & 3:55:05. Officer Terlaje then initiated a traffic stop of Defendant. *Id.* at 2:14:56. The testimony of Officer Terlaje was limited to the events leading up to the traffic stop and the initial portion of the stop but did not include the field sobriety test portion of the stop.

Officer Terlaje, as well as Officers Masga and Chaco, testified that he personally observed Defendant fail to come to a full stop before entering Chalan Paseheru, where a stop sign was erected. Based on these facts, the Court finds that Officer Terlaje had reasonable

suspicion to believe that Defendant committed a traffic violation sufficient to warrant a traffic stop.

Defendant also offered a number of pictures of various viewpoints of the stop sign from Chalan Paseheru. During his testimony, Officer Terlaje marked the locations where he stood on the pictures. *See* Exs. B, E, & H. Reviewing the marked exhibits, the Court disagrees that it would be "nearly impossible" for Officer Terlaje to observe Defendant fail to come to a full stop. The exhibits demonstrate Officer Terlaje had a line of sight sufficient to view Defendant's vehicle.

Defendant asserts a number of problems with Officer Terlaje's testimony which would undermine his credibility. First, Officer Terlaje demonstrated some uncertainties as to far away he was standing from the stop sign. Officer Terlaje testified he was standing around one hundred (100) feet away from the stop sign. CR at 2:13:54. However, Officer Masga testified that the distance was only thirty (30) feet. *Id.* at 3:34:55. The Court does not find this discrepancy to be material. The fact that Officer Terlaje does not know the exact or rough measurement of the distance from the stop sign to his location does not change the fact that he was able to observe Defendant failed to stop at the stop sign.

Second, Defendant argues that Officer Terlaje was unable to articulate any specific facts regarding Defendant's failure to stop at the stop sign. All officers testified that they observed Defendant come to the stop sign and fail to come to a full stop. They observed the car fail to stop and continue to proceed through the stop sign. The Court finds this testimony certainly satisfies the reasonable suspicion standard.

Therefore, the Court finds that the traffic stop did not violate Defendant's Fourth Amendment protections against unreasonable searches and seizures.

## CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Defendant's Motion. Officer Terlaje had reasonable suspicion to initiate the traffic stop of Defendant. The Court will hold a pre-trial conference on May 12, 2020 at 3:00pm.

**IT IS SO ORDERED** on this 6th day of April, 2020



**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**